IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

Nashville Division

| | |
|---|---|
| RICHARD and DIANA MILITANA, and TWIN RIVERS FARM, INC., Petitioners, vs UNITED STATES, Respondent. | CASE #:_____ |

## VERIFIED PETITION TO QUASH 3rd PARTY SUMMONS

Petitioners, Richard Militana, Diana Militana and Twin Rivers Farm, Inc., hereby petitions this court to quash the third party record keeper summons, issued to Wachovia Bank and the Bank of Nashville (hereinafter cumulatively may referred to as "Summoned Banks") by the Internal Revenue Service, and relating to IRS audits for the years 2007 and 2008.

I
JURISDICTION

1. This Court has jurisdiction in this action pursuant to the provisions of Title 26 U.S.C. Sections 7609(b) (2) (A), 7609(h), and Title 28 U.S.C. Sections 1331 and 1340, venue is proper in that the Respondents all reside or are found within the geographical jurisdiction of this Court and the Summoned Banks conduct business within the geographical jurisdiction of this Court.

## II
## PARTIES

2. Petitioners, Richard and Diana Militana, currently reside in North Carolina, Petitioner Twin River Farm, Inc. is a duly organized corporation under the laws of the State of Tennessee.

3. Respondent United States of America, Internal Revenue Service (hereinafter "IRS"), is a federal government entity with agencies and offices throughout the United States, and more specifically with an Internal Revenue Service Office located at 801 Broadway, MDP #130, Nashville, TN 37203, from which this action has arisen.

## III
## PETITION TO QUASH SUMMONS

4. On or about January 27, 2010 Revenue Agent Sterling Cramer issued third party summons to Wachovia Bank, 2124 Green Hills Village Dr., Nashville, TN 37215, for Richard and Diana Militana and another two (2) Summons directed to the Bank of Nashville, P.O. Box 198986 Nashville, TN 37219 for Twin Rivers Farm, Inc., and Richard and Diana Militana respectively., (copies of the summons are attached hereto exhibits A, B and C and made a part hereof by reference thereto).

5. The summons, directed to Summoned Banks, requests "All records in your possession, custody, and/or control which reflect financial transactions of Richard Militana and/or Diana Militana for the period January 1, 2007 through January 31, 2009..."

7. The Internal Revenue Service must at all times use the summons authority in good-faith pursuit of a congressionally authorized purpose. The IRS has the burden of showing in an

adversarial proceeding that it's investigation is pursuant to a legitimate purpose, and that the information sought is relevant and material to this legitimate purpose. Good faith is not presumed where the summons power is used to harass or to pressure the individual.

8. This petition is based on Petitioners' contention that Revenue Agents Stephina Russel and Sterling Cramer are using the summons power to harass and pressure Petitioners, for reasons unknown to Petitioners at this time, and for purposes that are wholly illegitimate to the spirit and intent of the law, noting that no law or other authority was cited as the ostensible authority for issuance of the Summons.

9. Sterling Cramer and Stephania Russell, agents of the Respondent, justified expanding the 2006 Audit by stating to Taxpayer /Petitioners that his examination of the Tax Returns for the years 2007 and 2008 were necessary "in order to properly complete the 2006 Audit". However, Respondent unilaterally concluded the 2006 Audit without notice to Petitioners assessing additional taxes and penalties closing the 2006 audit. Under Sterling Cramer's own justification for requesting an audit of 2007 and 2008 his concluding and attendant closing of the 2006 audit rendered the 2007 and 2008 audit unnecessary and moot.

10. The IRS in general and Revenue Agent, Sterling Cramer, specifically are aware that there is no legal basis or reason of any kind that would support the issuance of a summons as evidence by the complete absence of any citation to any legitimate basis for the issuance of summons on its face. And, therefore the IRS knows the summoned data cannot be relevant to any legitimate purpose for the Nashville office as can be seen herein, the production of the very same information would be available to the IRS agent in North Carolina where the Petitioners reside and the records are kept upon appropriate request which was already agreed to between Respondent and Petitioners.

11. The summons which form the basis of this Petition to Quash, unreasonably subject the Petitioners to "undue burden", harassment, are unnecessary and are calculated to only to humiliate and embarrass the Petitioners and place them in low esteem in the eyes of their Summoned Banks.

12. The information requested in the Summons is readily available directly from Petitioners to the IRS (North Carolina agent) by express agreement to transfer the audits to North Carolina where the documents are located, as documented in the IRS's own correspondence referenced herein. See IRS letters dated December 16th and 18th 2009 respectively, set out below in relevant part: (See Exhibits "D" and "E")

> **December 16, 2009** IRS Letter (emphasis added)
>
> "The enclosed reports are for 2006 only. Since very little information was received relative to the examination of **your 2007 and 2008 Forms 1040, the file for these years will be transferred to an agent in NC who will contact you at a later date.**"
>
> **December 18, 2009** IRS Letter
>
> "The previous correspondence indicated that, due to incomplete information for the income tax examination, **your 2007 and 2008 years will be transferred to an agent in NC.** Since information was available for the employment tax examinations, all three years are included in the attached report.

13. Notwithstanding the above referenced letters, the IRS for the very first time on January 26, 2010, violated the understanding and denied the transfer of the audits to North Carolina. (See Exhibit "F" Letter from IRS dated January 26, 2010).

14. Without providing time for the Petitioner Taxpayer to even receive the January 26, 2010 denial Letter, the IRS issued the Summons in question the very next day on January 27, 2010 (See Exhibits "A", "B" & "C").

15. Petitioners and their Certified Public Accountant have at all times fully cooperated and complied with substantially all production requests by the Tennessee IRS agents, attending all requested meetings, as early as March of 2009, consistent with the understanding and agreement that the audits were to be transferred to North Carolina, subject only to signing of an extension form compliant with IRM 4.11.29.8, extending the time under the statute of limitations for the year 2006. Further production of documents, including the information which is the subject of the Summons, were agreed to be made upon transfer to North Carolina upon proper request of the North Carolina IRS Agent, where the Petitioners now live and the documents are kept and can be appropriately identified and explained to the auditor appointed in North Carolina.

16. The basis of the IRS's refusal to transfer the Audits to North Carolina and permit the Taxpayer to provide the summoned documents to the North Carolina IRS agent, which precipitated the Summons at issue, was occasioned by the IRS agents demand that Petitioners execute a non-compliant extension form pursuant to IRM 4.11.29.8 (04-01-2005) demanding that the Taxpayer concede to a time extension greater than the 13 months from the date of request as provided under IRM 4.11.29.8 (04-01-2005) in order to have the transfer of audits to North Carolina and negate the necessity of the Summons before the Court. See Respondent's letter dated January 26, 2010 (Exhibit "F") emphasis added

> **"At this time, please be advised that your request to transfer your audit to North Carolina has been denied. This decision is based upon the fact you do not have sufficient time remaining in the 200612 statute of limitation in order to transfer the audit. We solicited a statute extension from you however you declined to execute it..."**

Page 5 of 10
Case 3:10-cv-00149   Document 1   Filed 02/16/2010   Page 5 of 10

17. The only "statute extension" Petitioners declined to execute was the extension form offered by the IRS for the year 2006 which improperly demanded an extension of time far in excess of the 13 months required by IRM 4.11.29.8 (the rule requiring only 13 months from the date of the transfer request.) but should have had nothing to do with denying 2007 and 2008 Audit transfers where both audits had ample time remaining within the Statute of Limitations to make executing an extension unnecessary to comply with IRM 4.11.29.8. Therefore the summons flowing from that improper refusal to transfer of the Audits for 2007 and 2008, for the reason stated in the above referenced letter, are improper as all the Summoned Bank records for 2006 had already been produced and the only records summoned were for 2007 and 2008.

18. At all times Petitioners were ready, willing and able to execute any extension of time for the statute of limitations that met the minimum requirements of IRM 4.11.29.8 and so advised the Respondents. See Letter dated November 30, 2009 from Petitioners to Respondents. (Exhibit "G")

> "…We desire that the extension demanded be limited to only the time actually required to be compliant with the Statute of Limitations and limited to permitted and identified issues. Please respond in writing to these concerns and you may remain assured of our full and continued timely cooperation in this transfer process both with you and the successor agent"

19. Again on December 7, 2009 the Petitioners renewed their offer to execute a compliant extension of time, explaining their objection to the form demanded by the IRS, to wit: (Exhibit "H") (in relevant part, emphasis added)

> "…**the extensions of time forms you sent and filled out, on their face extend the statute of limitations beyond the 13 months minimum time required.** There was and is no agreement to extend the statute of limitations beyond the prescribed minimum times…**Our letter to**

> you...confirmed the understanding that we would sign any necessary documents, that contained dates that meet, and do not exceed or expand, the times required under the statute of limitations rules you sent us as and represented to be a precondition to the transfer...".
> We reaffirm our commitment to fully cooperate within this process and to execute any documents necessary to affect any legitimate requests, including the requested transfers, stating only that we be required to execute documents that minimally comply, and in no way expand, our obligations within this audit including those demanded in order to receive the transfer of audit....In the light of the above we respectfully request that you send us forms consenting to the extension of time under the statute of limitations (form 872 Consent to Extend the Time to Assess Tax) which meet but do not exceed the requirements stated therein simply to have the audit transferred. We have been and remain, ready, willing and able to execute any documents which meet but does not expand the requirements under any rule, regulation or law in order receive this transfer..."

20. The IRS's position that the 13 month requirement would have to be computed from the <u>time the transfer actually took place</u> due to "administrative timelines" as opposed to the <u>time of the transfer request</u> was erroneous and unreasonable. The Summons in question followed and are predicate upon that erroneous and unreasonable demand.

21. The Taxpayers' request that the extension of time be conditioned on the minimum requirements of IRM 4.11.29.8 which required only that the minimum time extension of 13 months be computed <u>from the date of the request</u>, was both authorized and reasonable. See IRM 4.11.29.8 set out below, was both reasonable and compliant with this section and should have been conceded by the IRS (emphasis added).

> "IRM 4.11.29.8 (04-01-2005)
> Requirements for a Case To Be Transferred Out of Area
>
> ...B. At the<u> time of the taxpayer's request to transfer</u> the return from one Area to another there must be at least 13 months remaining on the statute of limitations on assessment."

Page 7 of 10

22. The Respondent, predicated the need and therefore the right to issue the Summons at issue upon Petitioners' unwillingness to execute an extension of the statute of limitation form. As can be seen above, Petitioners at all times offered to execute an extension compliant with the express and unambiguous terms of IRM 4.11.29.8 but did not want to be subject to the whims of the IRS auditors in expanding the time required under the aforementioned rule in order to accommodate their "administrative needs" as the administrative needs formed the basis of IRM 4.2.11.29.8 in requiring at least 13 months remaining on the statute of limitations in order to effect a transfer of the audit.

23. Respondent is improperly using the summons process to coerce and/or punish the Petitioner for refusing to execute a non-compliant extension of time under IRM 4.2.11.29.8, which constitutes an improper and an inappropriate use of the summons process.

24. The correspondences referred to herein clearly evidence Petitioners' full cooperation within the audit process and agreement to produce the information sought in the Summons to the proper IRS agents in North Carolina, as well as the bad faith of the Respondent in unnecessarily issuing the Summons creating a unnecessary and undue burden upon Petitioners.

25. The Respondent has issued the Summons in question based upon Respondent's stated denial of the Audit transfers (for 2006, 2007 and 2008) due to Petitioner's alleged failure to execute a non compliant extension of time Form as discussed herein.

26. Respondent offers no explanation for not transferring the 2007 and 2008 Audits, which would negate and render unnecessary the issuance of the Summons which only requested information in connection with the 2007 and 2008 Audits and since each had more than 13

months remaining under the Statute of Limitations and no extension was necessary or required to transfer these Audits. Respondent's conduct is especially egregious since Petitioners have always agreed to provide the information requested within the Summons to the IRS agent in North Carolina where the records are kept and where the Respondents agreed, in the correspondence referenced herein, was the proper location.

27. IRS in closing the 2006 Audit (asserting Taxpayer refusal to sign their improper "extension form" for extending the statute of limitations beyond the required 13 months), unilaterally assessing additional tax and penalties for 2006 and refusal to transfer the 2007-2008 audits, which precipitated the summons in question, has exercised unbridled and unchecked discretion and acted in an arbitrary and capricious fashion by issuing unduly burdensome and unnecessary Summons, to the injury of the Petitioners.

28. Therefore, the data Summoned is not relevant to any legitimate purpose.

WHEREFORE, in consideration of the foregoing and the attached memorandum of Law in support hereof, Petitioners pray that this court order the Respondent to appear before this honorable court and show cause as to why this court should not quash the summons here involved.

## VERIFICATION

I, Richard Militana, declare that I am a Petitioner in the above entitled matter. I have read the foregoing Motion to Quash and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Executed on this 15 day of February, 2010, at Palm Beach County, Florida.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Richard Militana

State of __Florida__ )
ss )
County of __Palm Beach__ )

Taken, sworn to and subscribed before me this __15__ day of February, 2010.

_____
Notary Public

My Commission Expires: __12/23/2013__

DATED: This __15__ day of February 2010.

KARYN THOMPSON
Notary Public - State of Florida
My Comm. Expires Dec 23, 2013
Commission # DD 948588

Respectfully Submitted:

Militana & Militana

_____
Richard Militana, Esq.
635 Elk Knob Drive-A
Banner Elk, NC 28604
richard@militanalaw.com
TN Bar# 007371

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that true and correct copies of the foregoing Petition to Quash 3rd Party Summons together with the attendant Memorandum of Law in Support of Petitioners' Motion to Quash 3rd Party Summons have been sent, via Certified or Registered Mail, to the following persons and entities on this __15__ day of February 2010:

Sterling Cramer, Internal Revenue Service
801 Broadway, MDP #130
Nashville, TN 37203

Wachovia Bank
2124 Green Hills Village Dr.
Nashville, TN 37215

Bank of Nashville
P.O. Box 198986
Nashville, TN 37219

_____
Richard Militana