IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE

Nashville Division

RICHARD and DIANA MILITANA, )
and TWIN RIVERS FARM, INC., )
            Petitioners, )
vs )         CASE #.:_____
)
UNITED STATES, )
)
            Respondent. )
)

## MEMORANDUM OF LAWS IN SUPPORT OF VERIFIED PETITION TO QUASH 3rd PARTY SUMMONS

Petitioners, Richard Militana, Diana Militana and Twin Rivers, Farm, Inc. (hereinafter "Petitioners"), submit this memorandum of law in support of their Petition to Quash 3rd Party Summons issued by the respondents United States, et al.

As grounds for his petition Petitioners contend that the Internal Revenue Service cannot meet the "relevancy and materiality" test required by United States v. Powell, 379 U.S. 48 (1964).

Petitioners further contend that the summons is nothing more than a "fishing expedition" completely void of any "realistic expectation" that the information sought "may be relevant," therefore it is Petitioners contention that the Internal Revenue Service cannot make any showing greater than an "idle hope" of finding something, as required by the decision in United States v. Richards, 631 F. 2d. 341, 345 (4th Cir.,1980).

Lastly, it is Petitioners contention that the summons has been issued in "bad faith" contrary to Powell, supra, and therefore shows as follows:

FACTS

Revenue Agent, Sterling Cramer, operating out of the Internal Revenue Service office at 801 Broadway, MDP #130, Nashville, TN 37203 issued three IRS third party summons to the Wachovia Bank and Bank of Nashville. The target of the summons were Petitioners. The summons stated; "In the matter of Richard and Diana Militana." The summons appears to have been issued January 27, 2010, one day after the transfer of the audit was denied, notwithstanding previous agreement to transfer all audits to North Carolina. The Summons were patently unnecessary because Petitioners had already agreed to honor any legitimate request for this information upon the transfer of the Audit to North Carolina where the records are kept and the North Carolina auditors determination of propriety and necessity, as had been previously agreed to between Petitioners and Respondent memorialized by letters from the Respondent attached to the Motion to Quash.

Pursuant to 26 U.S.C. §§ 7602(a), 7609(a)(3) , I.R.M. §§ 4022.62(1) and 4022.63, and 26 C.F.R. § 1.6001-1, a summons must state on its face the "liability" (actual or ostensible) for which it is issued. In the case at bar the summons simply states that Respondent is "inquiring into any offense connected with the administration or enforcement of the Internal Revenue Laws" clearly a "fishing expedition".

The summons issued by Respondent in this case fails to state any liability, actual or ostensible for which purpose the summons may have been issued.

On the face of the summons that Respondent issued he does not cited any authority to issue and enforce the summons in question.

The summons commands Wachovia Bank and Bank of Nashville to appear before Sterling Cramer or his delegate, to give testimony and to bring, "All records in your possession, custody, and/or control which reflect financial transactions of Richard Militana and/or Diana Militana for the period January 1, 2007 through January 31, 2009…"

ARGUMENT

The IRS has broad authority to issue summonses under 26 U.S.C. § 7602. Under Powell, supra the government must establish a prima facie case by "showing" that:

(1) that the summons was issued for a legitimate purpose.
(2) the summoned data may be relevant to that purpose.
(3) the data is not already in the government's possession; and
(4) the administrative steps required by the Internal Revenue Code for issuance and service of the summons have been followed (Powell, supra 379 U.S. at 57-58).

It is well settled precedent that a summons must state the "liability" (actual or ostensible) for which it is issued in compliance with the requirements of 26 U.S.C. §§ 7602(a), 7609(a)(3), I.R.M. §§ 4022.62(1) and 4022.63, and 26 C.F.R. § 1.6001-1. The summons issued by Respondent in this case fails to state any liability, actual or ostensible for which purpose the summons may have been issued. It is clear on the face of the summons that Respondent has not cited any authority to issue and enforce the summons in question.

Internal Revenue Code § 7602(a)(1) authorizes the IRS "[t]o examine any books, papers, records, or other data which may be relevant or material" to "… "determining the liability of any person for any internal revenue tax." However, in order to force compliance with the summons the IRS must clearly show a "realistic expectation" that the information sought would be "relevant or material" to the legitimate purposes of the summons, and is not merely a "fishing expedition" conducted in the "idle hope" that they will find

Page 3 of 5

something. United States v. Bisceglia, 420 U.S. 141 (1975); United States v. Richards, 631 F. 2d 341, 345 (4th Cir., 1980); United States v. Harrington, 388 F. 2d 520, 524 (2d Cir., 1968). The burden is upon the United States to show that the information sought is "relevant to proper purpose" United States v. Euge, 444 U.S. 707, 712 (1980); United States v. Huckaby, 776 F. 2d 564, 567 (5th Cir., 1985).

It is readily apparent from the face of the summons that Respondent claimed no 3rd Party "legitimate purpose" in issuing the summons for the years 2007 and 2008. Therefore, Respondent has no legitimate purpose," for the issuance of his summons. Respondent justified expanding the 2006 Audit by stating to Taxpayer Petitioners that his examination of the Tax Returns for the years 2007 and 2008 were necessary "in order to complete the 2006 Audit". However, Mr. Cramer unilaterally concluded the 2006 Audit without notice to Petitioners assessing additional taxes and penalties. Under Respondent's own justification for requesting an audit of 2007 and 2008 his concluding of the 2006 audit rendered the 2007 and 2008 audit moot and unnecessary.

Petitioners are unable to find published in the federal register any notice that opening a bank account and creating signature cards or depositing of monies in one's bank account amounts to a violation of any internal revenue law. Further, the IRS has failed and refused to identify any tax law which Petitioners are is being investigated under, which indicates that this summons is clearly a "fishing expedition" devoid of any "realistic expectation" and does not rise to any level greater than "idle hope." United States v. Richards, 631 F. 2d at 345.

Absent legal authority for issuance and legitimate purpose for enforcement of the summons, nothing in Wachovia Bank and Bank of Nashville's records could possibly give rise to a "realistic expectation" of those records being relevant to any legitimate investigation. Thus,

Petitioners contend that the summons is issued in "bad faith" with no purpose other than to harass and intimidate Petitioners. It is unclear at this time what "bad faith" purpose Respondent is pursuing in issuance of this Summons. Thus, discovery and an evidentiary hearing will in all likelihood be required to determine the true purpose of this Summons [Powell, supra 379 U.S. at 58; United States v. McCarthy, 514 F. 2d. 368 (3rd Cir., 1975].

Wherefore, Petitioners request that the summons be quashed.

DATED: This 15th day of February 2010.

Respectfully Submitted:
Militana* & Militana

_____
Richard Militana, Esq.
635 Elk Knob Drive-A
Banner Elk, NC 28604
richard@militanalaw.com
TN Bar# 007371

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that true and correct copies of the foregoing Petition to Quash 3rd Party Summons together with the attendant Memorandum of Law in Support of Petitioners' Motion to Quash 3rd Party Summons have been sent, via Certified or Registered Mail, to the following persons and entities on this 15 day of February 2010:

Sterling Cramer, Internal Revenue Service
801 Broadway, MDP #130
Nashville, TN 37203

Wachovia Bank
2124 Green Hills Village Dr.
Nashville, TN 37215

Bank of Nashville
P.O. Box 198986
Nashville, TN 37219

_____
Richard Militana